414 A.2d 646

**COMMONWEALTH of Pennsylvania,**

v.

**Allen J. PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Argued July 16, 1979.

Filed Nov. 9, 1979.

Reargument Denied Feb. 15, 1980.

Albert L. Deutsch, Philadelphia, for appellant.

James Bowen Jordan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

Appellant was charged with murder, possession of an instrument of crime and possession of a prohibited offensive weapon. His jury trial resulted in a verdict of guilty of first degree murder and guilty of possession of a prohibited offensive weapon. After denial of his post-trial motions, he was sentenced to a term of life imprisonment on the murder charge to be followed by a two and one-half year sentence

---

* Justice Robert N. C. Nix, Jr., of the Supreme Court of Pennsylvania, and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

on the weapons charge, thereby giving rise to the instant direct appeal.

Appellant asserts thirteen separate trial errors. We find that one of the allegations of error requires a reversal of the judgment of sentence and the grant of a new trial, and we therefore neither reach nor decide any of the other issues raised in this appeal.[1]

Appellant was accused of the fatal stabbing of one Susan Speeth on October 23, 1975. The Commonwealth's case was primarily dependent upon a confession introduced at appellant's trial. A 15-year-old girl had informed police that on the day in question she had been standing outside her residence, heard a scream, turned and saw appellant running on the street. When that information came into the possession of the police, appellant was taken into custody and later that evening confessed to the slaying. Appellant contended that he had been beaten and tortured and was forced to sign the confession. The voluntariness of the confession was, therefore, a critical matter for the defense. Appellant, therefore, indicated at trial that he would take the stand in his own defense and the Commonwealth thereupon informed

1. Appellant also complains that there was error in the Commonwealth's failure to conduct a line-up as allegedly ordered by the preliminary hearing judge; that his confession was the product of unnecessary delay between his arrest and arraignment; that his warrantless arrest was not based on probable cause; that failure to rewarn him of his *Miranda* rights before a polygraph test or before the taking of his confession rendered the confession inadmissible; that the trial court erred in not granting a motion for mistrial after the jury viewed him with a tag attached to his trousers, it being his contention that the tag was a prison tag and that the jurors could infer that he was in custody; that the trial court erred in admitting into evidence a blood-stained knife found near the crime scene; that the trial court erred in permitting the Commonwealth to cross-examine his mother with respect to a photograph of him; that the trial court erred in denying his motion for continuance so that he might call a witness; that the trial court erred in denying his request for a "missing witness" instruction; that the trial court erred in charging, in the absence of a defense request, that the jury must draw no adverse inferences from his failure to testify; that the trial court erred in denying his motion for mistrial based upon certain allegedly improper comments made by the prosecutor during his closing argument; and that certain testimony by a police officer at trial was irrelevant and should have been excluded.

the Court that it would offer defendant's prior criminal record to impeach his credibility. That criminal record consisted of theft and conspiracy convictions which antedated the trial of this case by approximately one year. The trial court ruled that the Commonwealth would be permitted to introduce that criminal record to impeach appellant's credibility and appellant, therefore, chose not to testify. The ruling of the trial court constituted an abuse of discretion.

In *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), the Supreme Court of Pennsylvania abandoned the prior rule in this Commonwealth which permitted the introduction of criminal records involving any felony or any misdemeanor involving *crimen falsi* to impeach the credibility of a witness. The Court there began the fashioning of a new rule by declaring that only those crimes involving dishonesty or false statement might be used for impeachment purposes. *Bighum*, however, rejected any per se rule of admissibility even where the prior crime involved dishonesty or false statement. The *Bighum* rule was further refined in *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978). The Court there set out the considerations governing the admissibility of a prior conviction for impeachment purposes. Trial courts were admonished to consider:

"1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility."

In *Roots,* the Court held that the need to hear appellant's version was compelling and that there was no need to admit the prior conviction since the Commonwealth had available prior inconsistent statements of the defendant which provided an adequate alternative. The Court there pertinently stated:

"It is difficult to understand how appellant's oral admissions, which presumably would have contradicted his trial testimony, could be any less effective, for impeachment purposes, than a five-year-old unrelated robbery conviction. It seems indisputable that prior inconsistent statements relating to the alleged criminal behavior for which the accused is presently on trial must necessarily provide more insight as to his truthfulness in the matter than the fact that at some earlier point in time he was convicted of committing an unrelated criminal act."

Even if we accept the position that thefts generally may reflect upon appellant's credibility, *Commonwealth v. Perrin,* 484 Pa. 188, 398 A.2d 1007 (1979), it was error to allow impeachment by the admission of appellant's criminal record. Appellant's prior convictions were approximately one year old and the record fails to indicate that the theft was accomplished by stealth. At the time of his prior convictions, appellant was approximately 18 years old and had a ninth grade education. Most significantly, however, the Commonwealth called only one identification witness at trial. Therefore, appellant could contradict this witness and give his version of the taking of his confession only by taking the stand and subjecting himself to the evidence of his prior convictions. In addition, the Commonwealth had a confession from appellant which had been admitted at trial and it had the confession to impeach any altered version given by appellant from the witness stand. Moreover, the Commonwealth had available to it the testimony of appellant's mother who had seen him shortly after the taking of his confession and had observed no indications of any beatings. A good argument may be made that the admission of the prior convictions would satisfy the first three parts of

the test established in *Roots*, but we conclude that inasmuch as the Commonwealth had readily available to it alternative means of attacking appellant's credibility, and that the defense had no other basis for attacking the confession, parts 4 and 5 of the *Roots* test have not been satisfied. As did the Court in *Roots*, we conclude that it was an abuse of discretion to rule that these prior convictions were available to the Commonwealth for impeachment of the appellant in the event he had taken the stand as a witness in his own behalf, and, in light of the critical nature of the ruling, that the error can only be remedied by the award of a new trial.

Judgments of sentence reversed and case remanded to the Court below for a new trial.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. The admissibility of prior convictions involving dishonesty for purposes of impeaching a criminal defendant's credibility rests in the sound discretion of the trial court after balancing the factors which bear upon the competing interests involved. *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). In order that there be a meaningful exercise of that discretion, a trial court must consider the following factors: "1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility." *Commonwealth v. Roots*, 482 Pa. 33, 39, 393 A.2d 364, 367 (1978).

In the instant case, the trial court considered these factors and ruled that a one-year old conviction for theft would be admissible to impeach the credibility of a nineteen year old defendant charged with the stabbing death of a woman as she walked along the streets of Philadelphia. Appellant did not testify. He now contends that the court's ruling deprived him of the right to give effective testimony which would have denied guilt and challenged the voluntariness of his confession. The majority finds that the trial court abused its discretion and awards appellant a new trial. I find no abuse of discretion and no basis for granting a new trial. Therefore, I must dissent.

A balancing of the factors to be considered discloses that appellant's conviction, which had occurred one year earlier when appellant was eighteen, was for theft, a crime of dishonesty. *Commonwealth v. Perrin*, 484 Pa. 188, 398 A.2d 1007 (1979). Such a conviction does tend to discredit a witness as being untruthful. However, it does not in any way suggest a propensity to commit murder, the crime with which appellant was charged in this case. Thus, the majority concedes that the conviction would satisfy the first three prongs of the *Roots* test.

The majority concludes, however, that these factors are outweighed because appellant could only attack his confession and deny guilt by taking the stand himself. I am unable to find support for this conclusion. In the first place, appellant could—and did—file a pretrial application to suppress his confession. At the pretrial hearing, appellant took the stand and testified, but did not then contend that he had been "beaten and tortured" before giving a confession. Although defense counsel now suggests that defendant was beaten by the police, the argument which he made to the jury at trial was that the confession had been fabricated by the police.

Moreover, appellant was not deprived of an opportunity to present a defense. Two alibi witnesses testified that appellant had been elsewhere at the time of the killing; and an eyewitness testified that appellant was not the killer.

Clearly, this case is factually distinguishable from *Commonwealth v. Roots*, supra, where the defendant had no available means, other than taking the stand, to present his version of the facts. Here, the Commonwealth's case depended largely upon appellant's confession and the testimony of a witness who observed him running from the scene of the crime. Evidence of a prior conviction of a crime of dishonesty to attack appellant's credibility if he had testified, therefore, would have been more necessary than in *Roots*, where the "defendant was apprehended virtually 'red-handed'". *Commonwealth v. Roots*, supra, 482 Pa. at 42, 393 A.2d at 368.

The final factor to be considered is whether there were alternative means of impeachment available to the Commonwealth. The majority suggests that the Commonwealth might have relied on the testimony of appellant's mother that when she saw appellant after his confession he did not appear to be bruised. The ruling of the trial judge was made at the beginning of the trial. Reliance upon the testimony of defendant's mother at this point was tenuous at best. She was a defense alibi witness, not a Commonwealth witness. Furthermore, this is merely one of several factors which must be considered in determining admissibility under *Roots*.

After carefully weighing and considering all factors, it appears that the trial judge was well within the proper exercise of his discretion when, on balance, he found that the prejudicial effect of appellant's prior conviction would have been outweighed by its value in permitting the jury to make a more accurate assessment of appellant's credibility. See: *Commonwealth v. Perrin*, supra. Indeed, if the facts of this case demonstrate an abuse of discretion, I can imagine very few instances in which a prior conviction will properly be received to attack the credibility of a defendant in a criminal case. If prior convictions are no longer to be admissible to attack the credibility of a defendant, then we should say so. On the other hand, if the rule is to be that admissibility is determined in the exercise of a sound discretion by the trial judge, then we should not be too quick to reverse.

Having examined appellant's remaining arguments and finding them to be without merit, I would affirm the judgment of sentence.