420 A.2d 486

**COMMONWEALTH of Pennsylvania**

v.

**Allen WHITNER, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed April 25, 1980.

Reargument Denied July 7, 1980.

Petition for Allowance of Appeal Denied Oct. 14, 1980.

178

Harvey W. Robbins, Philadelphia, for appellant.

Andrew B. Cohn, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND,* JJ.

VAN der VOORT, Judge:

Allen Whitner was tried before a jury and convicted of robbery,[1] unauthorized use of an automobile,[2] criminal conspiracy,[3] possession of instruments of crime,[4] unlawful restraint,[5] simple assault[6] and aggravated assault.[7] On this direct appeal, he makes several averments of error.

* Judge Donald E. Wieand is sitting by special designation.

1.  18 Pa.C.S. § 3701(a)(1)(i), (iv), (v).

2.  18 Pa.C.S. § 3928.

3.  18 Pa.C.S. § 903.

4.  18 Pa.C.S. § 907(a).

5.  18 Pa.C.S. § 2902.

6.  18 Pa.C.S. § 2701.

7.  18 Pa.C.S. § 2702(a)(1) and (4).

On February 17, 1977, at or about 1:00 A.M., Paul Kretovich was entering his parked car when two men approached the driver's side of his vehicle. One of the men, Vanders Richardson, pulled the door open and struck Kretovich several times on the head with a gun. A second man, Allen Whitner, entered the passenger's side so as to sandwich Kretovich between him and Richardson. Richardson passed the gun to Whitner and drove away in Kretovich's car. Kretovich was blindfolded, his wallet was taken, and he was ejected onto the sidewalk approximately three blocks from where he had been accosted. There he was found by a police officer, who took from him and immediately broadcast the descriptions of the vehicle and the occupants. Another officer heard the broadcast, sighted the vehicle and made an attempt to stop it. The occupants of the car, however, refused to stop and drove off at a high rate of speed. When the officer finally overtook the car, he found the occupants gone, the motor running and the doors open.

A subpoena, which had been issued to "Alan Whitman", was observed on the front seat of the vehicle. Police records disclosed that "Alan Whitman" was in fact Allen Whitner. Whitner was also identified by Kretovich from police photographs. A warrant was issued for Whitner's arrest and he was taken into custody. He thereupon gave an inculpatory statement in which he admitted participating in the assault and robbery of Kretovich.

■ This evidence was clearly sufficient to support the guilty verdicts returned by the jury. Appellant's motion in arrest of judgment, therefore, was properly denied.

■ The complaint against appellant was filed on February 18, 1977. The original run date, in the absence of exclusions, was August 17, 1977. Two periods, however, were excluded by the trial court. The first period of exclusion allowed by the court was attributable to appellant's unavailability from March 8, 1977 to April 19, 1977, because of hospitalization. Delay caused by appellant's hospitalization is properly excluded. *Commonwealth v. Millhouse*, 470

Pa. 512, 368 A.2d 1273 (1977); *Commonwealth v. Quinlan,* 259 Pa.Super. 536, 393 A.2d 955 (1978); *Commonwealth v. Haynes,* 245 Pa.Super. 17, 369 A.2d 271 (1976).

An additional exclusion occurred because of a continuance granted at appellant's request from July 19, 1977 to August 29, 1977. This continuance, being for a period of forty–one days, resulted in an exclusion of eleven days. Pa.R.Crim.P. 1100(d)(2). The suppression hearing, which had been reserved until time of trial, commenced on August 26, 1977. It was concluded on October 5, 1977, and jury selection commenced immediately thereafter.

■ Trial, under these circumstances, commenced on August 26, 1977, the day on which the court started to take testimony on appellant's pre–trial suppression motion. *Commonwealth v. Kluska,* 484 Pa. 508, 399 A.2d 681 (1979); *Commonwealth v. Wharton,* 250 Pa.Super. 25, 378 A.2d 434 (1977). This was well within the time allowed by Rule 1100.

■ A pre–trial motion to suppress appellant's confession was denied by the court below, which rejected appellant's assertions of police brutality and found that his confession had been given voluntarily. Our duty on review is to determine whether the record supports the findings of the court below. We must also determine the legitimacy of the inferences and legal conclusions drawn from the evidence. *Commonwealth v. Hunt,* 263 Pa.Super. 504, 398 A.2d 690 (1979). In making these determinations we consider only the Commonwealth's evidence and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Goodwin,* 460 Pa. 516, 333 A.2d 892 (1975); *Commonwealth v. Hunt,* supra. From a review of the record in the instant case, we conclude that the finding of the suppression court was supported by the evidence. The conflict in the evidence was for the factfinder. *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977); *Commonwealth v. Washington,* 259 Pa.Super. 407, 393 A.2d 891 (1978).

■ The record also supports the suppression court's conclusion that there was probable cause for appellant's arrest. Not only was the identifying subpoena found on the front seat of the vehicle from which he fled after the crime, but the victim positively identified appellant as one of the attackers from police photographs.

■ Appellant also contested the voluntariness of his confession during the jury trial. He complains that the trial court refused a point for charge to the effect that involuntary confessions are inherently untrustworthy. A trial court, however, is not required to affirm all requested instructions, even though the statement of law contained therein be correct. *Commonwealth v. McComb*, 462 Pa. 504, 341 A.2d 496 (1975). It is free to use its own form of expression so long as it adequately, accurately, and clearly explains the principle of law for the jury. *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977). In the instant case the trial judge clearly and unequivocally told the jury that if appellant's confession had been given involuntarily, no consideration could be given to it. The charge, considered in its entirety, was a correct statement of the law. Appellant was not prejudiced by the failure of the trial judge to charge in precisely the same words contained in the requested point for charge. See: *Commonwealth v. Gray*, 473 Pa. 424, 374 A.2d 1285 (1977); *Commonwealth v. Henderson*, 249 Pa.Super. 472, 378 A.2d 393 (1977).

■ Appellant also contends that his trial counsel [8] was ineffective for failing to investigate the background of Officer Cashman, one of the interrogating officers who, it is alleged, had been previously arrested for simple assault.[9] The fact of Cashman's arrest for assault was irrelevant to the inquiry in this case. Prior arrests which have not resulted in conviction, moreover, cannot be used to impeach a witness. *Commonwealth v. Jackson*, 475 Pa. 604, 381 A.2d

8. Appellant is represented by new counsel on this appeal.

9. The record of the arrest attached to appellant's brief shows that Cashman was found not guilty.

438 (1977); *Commonwealth v. Taylor*, 475 Pa. 564, 381 A.2d 418 (1977); *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973). The appellate courts have stated repeatedly that counsel cannot be held ineffective for failing to pursue an issue which lacks merit. *Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Appellant's trial counsel, even if he had learned of the arrest, would not have been able to use it to impeach Officer Cashman or to show that he had abused appellant in order to obtain a confession. There is no basis for finding counsel ineffective.

■ Appellant also claims that due process was violated by the failure of the Commonwealth to turn over information concerning the arrest of Officer Cashman to appellant. This issue was not raised in post trial motions and, therefore, will not be considered on appeal. *Commonwealth v. Twiggs*, 485 Pa. 481, 402 A.2d 1374 (1979); *Commonwealth v. Turner*, 265 Pa.Super. 486, 402 A.2d 542 (1979).

■ Appellant next argues that he was prejudiced by the introduction into evidence of the subpoena found on the front seat of the vehicle from which the suspects had fled. This evidence, he contends, disclosed to the jury that he was suspected of being involved in prior criminal activity. The Commonwealth's evidence established that the subpoena had not been in the car prior to the assault on Kretovich. Its presence after the assailants had fled in and subsequently abandoned the commandeered vehicle was highly probative of the identity of one of the men. As such, it was properly received. Evidence of prior criminal activity becomes admissible to show (1) motive; (2) intent; (3) absence of accident or mistake; (4) a common plan, scheme or design; or (5) to establish identity of the person charged. *Commonwealth v. Rose*, 483 Pa. 382, 399–400, 396 A.2d 1221, 1230 (1979); *Commonwealth v. Peterson*, 453 Pa. 187, 197–98, 307 A.2d 264, 269 (1973). Moreover, the trial judge carefully admonished the jury when the evidence was received and again during final instructions concerning the limited purpose for which the evidence had been received. We perceive no error.

Appellant's final argument is that the lower court erred in its ruling (following an in camera hearing) that if appellant testified at trial, the Commonwealth could introduce evidence of appellant's prior convictions for theft, receiving stolen property, robbery, and burglary. Appellant desired to testify solely as to purported police brutality in the extraction of his confession.

In *Commonwealth v. Butler*, 405 Pa. 36, 46–47, 173 A.2d 468, 473–74 (1961), our Supreme Court stated:

It has been the law in Pennsylvania for decades that whenever a *witness or a defendant* takes the witness stand, his testimony may be impeached by showing prior convictions of felonies or misdemeanors in the nature of crimen falsi . . . .

This rule of evidence is founded on common sense and logic. If a defendant offers himself as a person worthy of belief, the jury has the right to know what kind of man he is—to aid in assessing his credibility. His previous record is admissible for this purpose just the same as testimony of prior reputation for veracity is evidence for the jury's consideration.

In *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), the Supreme Court indicated that the admissibility of evidence of prior convictions for impeachment purposes should not turn solely on the nature of the prior convictions, but rather the trial courts should exercise discretion and consider the following additional factors: age of the prior crimes, length of criminal record, age and circumstances of the defendant, and "the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction." *Bighum*, 452 Pa. at 567, 307 A.2d at 263. The Supreme Court in *Bighum* placed the burden on the *appellant* to demonstrate on appeal an abuse of discretion by the trial judge.

In *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978), the Supreme Court emphasized that *Bighum* had rejected a per se rule of admissibility of convictions for

crimes involving dishonesty, in an effort to limit the admission of such evidence to such situations in which the evidence was of essential evidentiary value to the prosecution and was not unreasonably unfair to the defense.[10] The Supreme Court found that the lower court had erred in placing the burden of proof on the defendant instead of requiring the prosecution to demonstrate that its need for the evidence outweighed the potential for prejudice inherent in the evidence.

In the case before us, there is no indication in the record, and appellant does not allege, that the lower court erroneously placed the burden of proof on appellant, and we find that appellant has not demonstrated an abuse of discretion on the part of the lower court.

■ Appellant's prior convictions were for crimes involving dishonesty, and ranged in time from 1971 through 1977, indicating that appellant's propensity for dishonest conduct extended over an extended period of time and continued up to the time of trial on these charges. Appellant wished to attack the voluntariness of his confession by testifying that the police had beaten him to obtain the confession, which meant that the trier of fact would have to choose whether to believe appellant's story that the confession had been obtained from him forcefully, or the police version that the confession had been given by appellant voluntarily.[11] Under the

10. The court also included an illustrative list of the factors to be considered by the lower courts: "1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant–witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility." 482 Pa. at 39–40, 393 A.2d at 367.

11. See *Commonwealth v. Phillips*, 272 Pa.Super. 16, 414 A.2d 646 (1979), wherein the prosecution had available a witness other than

circumstances, it was important for the jury to be able to consider appellant's prior convictions in order to adequately assess appellant's credibility.[12]

Having found no merit to appellant's arguments, we affirm the judgment of sentence.

WIEAND, J., files a concurring and dissenting opinion.

WIEAND, Judge, concurring and dissenting:

With one exception, hereinafter discussed, I agree fully with the majority's disposition of the issues raised by appellant. I find myself in disagreement solely with the disposition of appellant's argument that he was prejudiced unnecessarily by the trial court's ruling that if he elected to testify the Commonwealth would be permitted to attack his credibility by showing various convictions for theft, robbery, burglary and receiving stolen property occurring between 1971 and 1977. The use of prior convictions to attack a defendant's credibility has received thorough consideration in recent decisions of the Supreme Court. The reason given by the trial court for its ruling in this case, moreover, has been rejected as a proper basis for receiving prior convictions by an opinion of this Court. Because the issue is no longer an open one and because under similar circumstances a trial court has been held to abuse its discretion by permitting evidence of prior convictions, I must respectfully dissent.

the police, who had observed the defendant shortly after the time of the allege beatings and who had observed no indications of any such beatings. Two members of a three–judge panel of our court concluded that the lower court had abused its discretion in ruling certain prior convictions admissible for impeachment purposes should appellant take the stand.

12. See *Roots* in which the defendant had been caught red–handed, and his testimony was critical to his defense that he did not intend to commit a crime in the building. The Supreme Court in that case held that the need to hear the defendant's story was "compelling" when compared with the prejudice that would result from the jury's knowledge of appellant's criminal record. In *Roots*, the defendant's single prior offense had occurred five years previously.

The majority observes correctly that whether to permit prior convictions to impeach credibility is within the discretion of the trial court. That discretion, however, must be exercised in a meaningful way. *Commonwealth v. Williams*, 273 Pa.Super. 389, 417 A.2d 704 (1980). Prior convictions may not be received to attack the credibility of a defendant unless the prosecution meets the burden of showing that the need for such evidence overcomes its inherent potential for prejudice. *Commonwealth v. Roots*, 482 Pa. 33, 41, 393 A.2d 364, 368 (1978). In the *Roots* decision, trial courts were directed to consider the following: "1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant–witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility."

In the instant case, the trial court concluded that the prior convictions should be received because the testimony which appellant wished to give went only to the collateral issue of the voluntariness of his confession. The same issue was before the Superior Court in *Commonwealth v. Phillips*, 272 Pa.Super. 16, 414 A.2d 646 (1979) (WIEAND, J., dissenting). There the appellant also sought to challenge the voluntariness of a confession. This Court reversed a trial court ruling which would have allowed a prior conviction for theft, holding that the ruling prevented appellant from testifying that he had been beaten and tortured and forced to sign a confession.

*Commonwealth v. Williams,* supra, is also instructive. There appellant's only defense was a general denial. We concluded "[b]ecause of the number of these convictions and their similarity to the charge for which appellant was being tried, this evidence would have tended to smear the character of the appellant to such an extent that an unbiased and impartial determination of guilt or innocence would have been rendered improbable if not impossible. The relevancy of this evidence to attack appellant's credibility, therefore, was overshadowed by its propensity for prejudice." Id., 273 Pa.Super. at 393, 417 A.2d at 705.

So in the instant case, the series of prior convictions was such that, had the jury been apprised of them, an unbiased determination of guilt or innocence would have been rendered improbable, if not impossible, of attainment.

The Commonwealth failed to demonstrate that the need for this evidence overcame its inherent potential for prejudice. The Commonwealth had available to it substantial means by which to prove appellant's guilt. In addition to appellant's confession, appellant had been positively identified by the victim and had identified himself by leaving his name on the front seat of the victim's car when he abandoned it in the face of police pursuit. Appellant's prior convictions, therefore, had a limited relevancy which, if received, would have destroyed appellant's opportunity for trial before an unbiased jury. The trial court's ruling effectively prevented appellant from testifying on his own behalf. Under the circumstances of this case, therefore, I am constrained to conclude that it was an abuse of discretion to hold prior convictions admissible to attack appellant's credibility.