## Commonwealth v. Robinson

*Howard C. Klebe, Assistant District Attorney,* for Commonwealth.
*Frank Verterano,* for defendant.

McCRACKEN, *P.J.*, August 19, 1980—Presently before the court are a number of issues raised by defendant's omnibus pretrial motion. This motion

presents issues concerning charges at nos. 9, 9A and 9B of 1980, hereinafter called the Zets charges, as well as those at nos. 39, 39A, 39B and 39C of 1980, hereinafter called the Magimore charges.

Defendant's first request is that identification testimony of Mrs. Zets be suppressed. The facts clearly support his contention that the lineup identification of defendant occurred when he was uncounseled. At that time defendant had been arrested for the Magimore crimes but not for the Zets charges. The Commonwealth therefore argues that he had no right to counsel at the time. This position gathers some support from Com. v. Richman, 458 Pa. 167, 320 A. 2d 351 (1974), wherein the court held that the initiation of judicial proceedings which activates the right to counsel is signaled by arrest. Thus, since defendant was not under arrest for the Zets incident, the judicial proceedings in that case had technically not begun and no right to counsel had attached. While this argument does have some technical appeal, we cannot accept it as proper. In U.S. v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L.Ed. 2d 1149 (1967), which case was the basis for Richman, supra, the court indicated a number of policy reasons for requiring counsel at a pretrial lineup. Even though defendant here was not technically subject to such considerations, a number of them, nevertheless, apply. For example, (1) the usual reasons for dispensing with counsel at "on-scene" identifications (i.e., "prompt and purposeful investigation") were not present; (2) requiring counsel would probably not entail substantial delay since defendant had already been arrested and was incarcerated on other charges; (3) since defendant was in custody on the Magimore arrest, he was under the same compulsion to

appear which gave rise to the dangers cited in Wade; and (4) the lineup was still a "critical stage" in determining defendant's fate.

In addition to these reasons, we must note that we are loathe to approve of a situation which might in the future give rise to unreasonable abuse by authorities subjecting persons incarcerated on one charge to undergo uncounseled lineups wherein they may be identified as the perpetrators of other crimes. See Richman, supra. Therefore, we agree with defendant that the lineup identification by Mrs. Zets must be suppressed.

Defendant further challenges the identification made at the preliminary hearing by Mrs. Zets contending that the circumstances were too suggestive. In view of the Commonwealth's failure to produce any evidence refuting this claim, we must also agree that the identification made at the preliminary hearing by Mrs. Zets must be suppressed.

We disagree with defendant, however, insofar as any in-court identification by Mrs. Zets is concerned. Such identification is admissible if shown to be based on a source independent of, and not tainted by, the pretrial identification: Wade, supra; Com. v. Lee, 262 Pa. Superior Ct. 280, 396 A. 2d 755 (1978). In determining the existence of this independent basis, we must consider (a) the prior opportunity to observe the alleged criminal act; (b) the existence of discrepancies between a pre-lineup description and defendant's actual description; (c) a prior identification of another person; (d) an identification by photograph of defendant prior to the lineup; (e) failure to identify defendant on one or more occasions and (f) the lapse of time between the incident and the lineup identification; Com. v. Davis, 264 Pa. Superior Ct. 505, 400 A. 2d

199 (1979). Of these factors, the opportunity to observe is considered the most important: Com. v. Smith, 262 Pa. Superior Ct. 258, 396 A. 2d 744 (1978).

In the present case, the testimony shows that Mrs. Zets was constantly with the intruder in her home for a period of between 20 and 45 minutes. During that time there was sufficient lighting and Mrs. Zets had ample opportunity to observe the intruder. Shortly thereafter, she provided the police with an accurate description and indicated her ability to recognize him. In addition, there is no evidence that Mrs. Zets misidentified another, failed to identify defendant, or was otherwise improperly influenced in her identification. We, therefore, find an independent basis for the identification of defendant by Mrs. Zets which is untainted by either the lineup identification or the identification at the preliminary hearing and will permit an in-court identification by her.

Insofar as the Magimore charges are concerned, defendant's motion states that "the alleged burglary victim," which clearly refers to Paul Magimore, was present at the preliminary hearing and implies identification by this victim and alleges that much of the same suggestive circumstances that allegedly tainted the identification by Mrs. Zets also affected the identification by Mr. Magimore. Since the Commonwealth offered no evidence whatsoever on this point, defendant's motion to suppress the identification of defendant at the preliminary hearing by Mr. Magimore is granted. We will withhold any decision as to whether there exists any independent basis for an in-court identification by Mr. Magimore until such time as he is called as a witness.

Defendant next seeks an order of court prohibiting the Commonwealth from using any of his prior convictions for the purpose of impeaching his testimony. In Com. v. Bighum, 452 Pa. 554, 307 A. 2d 255 (1973), the court rejected any per se rule governing admissibility of prior convictions for impeachment purposes in favor of a balancing test. This was further refined in Com. v. Roots, 482 Pa. 33, 393 A. 2d 364 (1978). There the court set forth at 482 Pa. 39, 393 A. 2d 367, the considerations governing the balancing test which admonished trial courts to consider:

"1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggests a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; 4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility."

In applying these considerations to the present case, a number of points become clear: (1) The bad check charges to which defendant pled guilty in Ohio are inadmissible. The record shows that the amount in question was under $200. While the grading of this offense in Ohio is not clear from the

record, such an offense, if committed within our jurisdiction, would constitute only a summary offense. Since Bighum limits impeachment to felonies and misdemeanors, these charges may not be used. (2) The other offense of receiving stolen property and aggravated burglary may reflect on his credibility: Com. v. Perrin, 484 Pa. 188, 398 A. 2d 1007 (1979). (3) In this case there is a strong likelihood that the record would smear defendant's character and suggest a propensity to commit the crimes for which he is charged in that his record of receiving stolen property and aggravated burglary are the same or sufficiently similar to those charges in the present cases as to unfairly sway the jury. (4) The prosecution has available to it witnesses by which its version of the incident can be presented. While the defendant has proposed calling alibi witnesses, the value of their testimony appears to be of some doubt and counsel stated that they may not even be called. Thus, defendant is placed in a situation similar to that in Com. v. Phillips, _____ Pa. Superior Ct. _____, 414 A. 2d 646 (1979), where the court found that defendant's testimony was crucial to his defense. (5) The Commonwealth does not appear to have any alternative means of attacking defendant's credibility.

When these facts are weighed as to their relative importance and effect, they seem to suggest that the introduction of defendant's prior record would be unfairly prejudicial. Therefore, we agree with the defendant that the Commonwealth should be prohibited from raising defendant's prior record for impeachment purposes.

The indictment filed at no. 39C of 1980 charges defendant with conspiring with one Eugene Banks to burglarize the Magimore residence. Banks was

not charged with conspiracy but pled guilty to burglary and therefore can no longer be tried on a charge of conspiracy. Defendant contends that this situation "amounts to an acquittal" of the co-conspirator which bars defendant's conviction of conspiracy. However, the law of Pennsylvania is clear that:

"'The law requires only that there be at least two guilty conspirators, not that there be two convicted conspirators. Where one of the two conspirators is acquitted, then there is a legal determination that one is innocent and thus there cannot be two guilty conspirators. Where, however, one is not yet indicted or for some reason cannot be tried, there is no bar to the conviction to [sic] the other.'" Com. v. Campbell, 257 Pa. Superior Ct. 160, 162, 390 A. 2d 761, 762 (1978), quoting Com. v. Hunter, 240 Pa. Superior Ct. 23, 360 A. 2d 702 (1976).

Thus, the fact that Banks cannot be convicted of conspiracy does not bar defendant's conviction.

Defendant also contends that count 2 of the conspiracy indictment at no. 39C of 1980 should be dismissed. Count 2 charges defendant with the violation of 18 Pa.C.S.A. §903(a)(2). Count 1 of the indictment charges a violation of 18 Pa.C.S.A. §903(a)(1) and corresponds to the charge filed in the complaint. Defendant argues that he may not be indicted for a crime with which he has not been charged and which was not raised at his preliminary hearing.

Pa.R.Crim.P. 213 controls the content of indictments. Specifically, Rule 213(a)(5) states that the indictment must contain "a plain and concise statement of the essential elements of the offense *substantially the same as or cognate to* the offense

alleged in the complaint. . . ." (Emphasis supplied.) Thus, the crime charged in an indictment need not be identical to that charged in the complaint: Com. v. Dunnick, 204 Pa. Superior Ct. 58, 202 A. 2d 542 (1964). All that is required is that the crimes charged in the indictment be sufficiently related to those charged in the complaint: Com. v. Davison, 243 Pa. Superior Ct. 12, 364 A. 2d 425 (1976) (in which indecent exposure was held sufficiently similar to rape, statutory rape, indecent assault and corruption of the morals of a minor to come within the rule). In the present case, the line between the two sections is vague and the two offenses often overlap. Clearly a charge of violating section 903(a)(1) is sufficient to give notice that the facts may also show a violation of section 903(a)(2). The offenses are therefore cognate and the indictment proper.

Finally, we note the agreement of counsel as to the other points raised in defendant's motion concerning the grading of the offenses at 39A and 39B of 1980, the dismissal of counts 2 and 3 at 9A of 1980, and the dismissal of count 1 at 9B of 1980 and no discussion thereof is needed here.

## ORDER

Now, August 19, 1980, for the reasons set forth in the foregoing memorandum opinion, it is hereby ordered, adjudged, and decreed as follows:

(1) The identification of the defendant by Mrs. Zets at the pretrial lineup and at the preliminary hearing are hereby suppressed. Mrs. Zets is permitted to make an in-court identification of the defendant.

(2) The identification of defendant by Paul Magimore at the preliminary hearing is hereby sup-

pressed. The court will withhold its decision as to whether or not an independent basis exists for an in-court identification of defendant by Paul Magimore until such time as he is called as a witness.

(3) The Commonwealth is prohibited from using the prior record of the defendant for purposes of impeaching his credibility.

(4) Defendant's motion to dismiss the indictment at no. 39C of 1980 is refused.