## Commonwealth v. Nyamwange

C.P. of Monroe County, no. 1696 CR 2006.

*Michael Rackeczweski, assistant district attorney,* for Commonwealth.
*James A. Swetz,* for defendant.

WORTHINGTON, *J.,* April 29, 2008—

### OPINION IN SUPPORT OF ORDER
### PURSUANT TO Pa.R.A.P. 1925(a)

This matter comes before this court on Richard Nyamwange's, (defendant), appeal pursuant to Pa.R.A.P. 1925(b). The procedural history of the case is summarized as follows. On November 25, 2006, a criminal complaint was filed charging the defendant with one count of rape by forcible compulsion; one count of sexual assault; one count of aggravated indecent assault; and two counts of indecent assault. Defendant was subsequently arrested on November 25, 2006. The charges arose from an incident on November 22, 2006, in which defendant sexually assaulted the victim in the loft of his residence at 39 Oak Lane in East Stroudsburg after she had arrived there to be paid for office work she had completed for defendant. On December 12, 2006, a preliminary hearing was held before Magisterial District Judge Michael R. Muth. At the conclusion of testimony, District Judge Muth bound over the charges. The charges were included in a criminal information filed by the Commonwealth on January 8, 2007.

On February 7, 2007, defendant filed a timely omnibus pretrial motion. Included in the omnibus motion was a motion to exclude, motion to suppress, two motions to compel and a motion for written proffer. A hearing on

defendant's omnibus pretrial motion was held on March 19, 2007, at which time counsel made brief oral argument. On April 24, 2007, by opinion, we denied all motions but the two motions to compel.

On September 10, 2007, after a three-day trial, a jury convicted defendant of one count of sexual assault, a felony in violation of 18 Pa.C.S. §3124.1, one count of aggravated indecent assault, a felony in violation of 18 Pa.C.S. §3125(a)(1) and two counts of indecent assault, a misdemeanor, in violation of 18 Pa.C.S. §3126(a)(1). Defendant was acquitted of the charge of rape by forcible compulsion.

On February 1, 2008, following a hearing and after considering the pre-sentence investigation that was prepared by the Monroe County Probation Department, the court sentenced defendant, inter alia, to undergo a period of incarceration in a state correctional institution of not less than two and a half years (30 months) nor more than five years (60 months).

The defendant filed a notice of appeal with the Superior Court on February 15, 2008. Accordingly, on February 19, 2008, we ordered that the defendant file a statement pursuant to Pa. R.A.P. 1925(b) within 21 days. Said statement was filed by the defendant on March 5, 2008. We now submit this opinion in accordance with Pa.R.A.P. 1925(a).

In his 1925(b) statement, the defendant raised three issues: First, the defendant argues that because the defendant's theory of defense was that the victim lied to cover a consensual encounter and avoid admitting her infidelity to her boyfriend, "the trial court erred by restricting the defense's cross-examination of the victim,

her boyfriend, the Commonwealth's DNA expert and the SAFE nurse"; second, the defendant argues that the "trial court erred in not reading defendant's points for charge nos. 2, 3, 4, 5, 6, 7 and 8 . . ."; and third, he argues that "the trial court erred in not granting the defendant's omnibus pretrial motion to suppress the tape-recorded conversation and evidence obtained by search warrant."

As to the first and third issues raised by the defendant, the court notes that both were addressed by this court in its opinion on defendant's omnibus pretrial motion dated April 24, 2007, which we incorporate herein. Thus, no further opinion will be filed on these issues.

As to the second issue, the defendant argues that the "trial court erred in not reading defendant's points for charge nos. 2, 3, 4, 5, 6, 7 and 8." The defendant asked for a total of 11 charges in writing. (Defendant's points for charge, 9/11/07.) On September 10, 2007, outside the presence of the jury, we discussed with counsel for the defendant and the Commonwealth all points for charge submitted by each side. (N.T., 9/10/07, 11-18.) We granted four of the defendant's requests, namely charges 1, 9, 10 and 11. (N.T., 9/10/07, 12-13.) As such, those charges will not be discussed.

On further review prompted by defendant's appeal, we strongly believe that under the facts of this case, the denial of points for charge numbers 2 through 8 were appropriately decided.

Generally, for information on charging the jury, we look to Pa.R.Crim.P. 647 for guidance. It states:

"(A) Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall

be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests. The trial judge shall charge the jury after the arguments are completed.

"(B) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury . . . ." Pa.R.Crim.P. 647.

"A trial court, however, is not required to affirm all requested instructions, even though the statement of law contained therein to be correct." *Commonwealth v. Whitner,* 278 Pa. Super. 175, 182, 420 A.2d 486, 490 (1980). "It is free to use its own form of expression so long as it adequately, accurately, and clearly explains the principle of law for the jury." *Id.* "Moreover, when evaluating the charge, we must view the charge as a whole." *Commonwealth v. Hamilton,* 766 A.2d 874, 878 (Pa. Super. 2001).

In the instant case, defendant's points for charge 2 through 6 were denied because they were adequately covered in the court's charge as stated in our September 10, 2007 discussion with counsel in chambers. (N.T., 9/10/07, 12-13.) The record shows our charges fully and adequately covered the substance of the requested charge. As to defendant's point for charge 2, we instructed the jury that they must be "satisfied beyond a reasonable doubt that the defendant engaged in sexual intercourse by force . . ." and "you may consider evidence about the

kind and amount of force and the extent of the victim's resistance . . . ." (N.T., 9/10/07, 86.) Concerning defendant's point for charge 3, we instructed the jury adequately on what is required for forcible compulsion in order for them to make an informed decision. A review of the defendant's requested points reveals that points 2 and 3 are essentially the same as the actual charge.

Defendant's point for charge 4, 5 and 6 all deal with the issue of consent. On points 4 and 5, we instructed the jury "a defendant acts recklessly with regard to an alleged victim's nonconsent if he consciously disregards a substantial an unjustifiable risk that the victim is not consenting to the . . ." intercourse, penetration or contact. (N.T., 9/10/07, 89, 90, 91.) On point 6, we stated to the jury that "the burden is on the Commonwealth to prove to you also, the same standard, beyond a reasonable doubt, that the alleged victim did not give, did not convey, legally effective consent . . . . Thus, you cannot convict the defendant unless you are satisfied beyond a reasonable doubt that Ms. Pannella did not give a legally effective consent." (N.T., 9/10/07, 93.) Again, a review of the defendant's requested points for charge reveals that points 4, 5 and 6 are essentially the same as the actual charge read to the jury. As stated earlier, the trial court is free to use its own form of expression so long as it adequately, accurately, and clearly explains the principle of law for the jury. We believe that we have done so.

"Defendant's point for charge 7 was denied because the facts did not warrant the mistake of fact instruction. It is well established that a bona fide, reasonable mistake of fact may, under certain circumstances, negate the element of criminal intent. 18 Pa.C.S. §304 (providing,

inter alia, that ignorance or mistake as to a matter of fact, for which there is a reasonable explanation or excuse, is a defense if 'the ignorance or mistake negatives the intent, knowledge, recklessness, or negligence required to establish a material element of the offense'"). *Hamilton,* at 878. When evidence of a mistake of fact is introduced, the Commonwealth retains the burden of proving the necessary criminal intent beyond a reasonable doubt. *Id.* at 879. "In other words, the Commonwealth must prove either the absence of a bona fide, reasonable mistake, or that the mistake alleged would not have negated the intent necessary to prove the crime charged." *Id.*

In the case at bar, no evidence was presented to show that, at the time of the incident, defendant reasonably but mistakenly believed that the victim consented to the prohibited sexual acts. As such, we denied defendant's point for charge 7.

Finally, defendant's point for charge 8 was denied because, in conjunction with 18 Pa.C.S. §3107, any reliance on the victim's submission to intimate touching without protest or physical, resistance, is misplaced. Section 3107 states, "The alleged victim need not resist the actor in prosecutions under this chapter: Provided, however, That nothing in this section shall be construed to prohibit a defendant from introducing evidence that the alleged victim consented to the conduct in question." 18 Pa.C.S. §3107.

Also, in our charge to the jury, we stated, "there is no requirement that accused employ or threaten force likely to cause serious bodily injury or that the victim put up a fight or resist . . . you may consider the evidence about the kind and amount of force and the extent of the

victim's resistance, along with all of the other evidence and circumstances . . . and that the defendant did that by force that would prevent resistance of a person of reasonable resolution." (N.T., 9/10/07, 87-88.) This instruction was repeated to the jury two subsequent times.

A review of the defendant's requested points reveals that point 8 is essentially the same as the actual charge and as such, no further instruction was warranted. We stand behind our decision to deny defendant's points for charge 2 through 8.

In light of the foregoing, we believe that the opinion (dated April 24, 2007) and the decision on defendant's points for charge (dated September 11, 2007) address defendant's appeal and that the conviction and sentence should stand.