383 A.2d 877

**COMMONWEALTH of Pennsylvania**

v.

**Derek GREEN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1977.

Decided March 23, 1978.

Jack M. Myers, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaele Barthold, Asst. Dist. Atty., for appellee.

Before EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

On October 14, 1974, appellant, Derek Green, was tried before a jury and found guilty of murder of the first degree and possession of an instrument of crime. Post-verdict motions were denied, and appellant was sentenced to life imprisonment on the murder conviction and to a consecutive sentence of two and one-half to five years on the weapons violation. This direct appeal of the murder conviction followed, and appellant's appeal of the weapons offense, filed in the Superior Court, was transferred and consolidated with his appeal of the murder conviction. We now affirm the judgments of sentence.

Appellant's conviction arose out of the apparent attempted robbery and shooting of one Ben White outside a Philadelphia taproom. After the shooting, the victim was hospitalized, and a kidney damaged by the gunshot had to be surgically removed. Less than forty-eight hours later, the victim was found dead in his hospital room, having suffocated on his own vomit.

Appellant first argues that the prosecution failed to sustain its burden of proving the cause of death beyond a reasonable doubt.

■ Of course the prosecution must always prove causation beyond a reasonable doubt. *See, e. g., Commonwealth v. Ilgenfritz*, 466 Pa. 345, 350, 353 A.2d 387, 390 (1976). In *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976), we reviewed the principles controlling when a defendant contends the prosecution's medical testimony does not sufficiently establish criminal causation:

> "This Court has upon occasion found medical testimony too uncertain to establish criminal causation beyond a reasonable doubt. See *Commonwealth v. Embry*, 441 Pa. 183, 272 A.2d 178 (1971); *Commonwealth v. Radford*, 428 Pa. 279, 236 A.2d 802 (1968). It is clear, however, . . . that the Commonwealth is not required to prove that a merely hypothetical supervening event did not take place. See *Commonwealth v. Williams*, 450 Pa. 158, 299 A.2d 643 (1973). . . . Moreover, even if the wound inflicted by the accused is not in itself mortal and a subsequent event is found to be the immediate cause of death, the accused does not escape legal liability if his act started an unbroken chain of causation leading to the death. *Commonwealth v. Stafford*, 451 Pa. 95, 301 A.2d 600 (1973); *Commonwealth v. Carn*, 449 Pa. 228, 296 A.2d 753 (1972)." *Id.* 468 Pa. at 584–85, 364 A.2d at 670.

In the instant case, the medical examiner who performed the autopsy testified that although the vomit being sucked into the deceased's lungs was the *immediate* cause of death, he was convinced beyond a reasonable doubt that the cause of death was the gunshot wound which in turn necessitated the surgery. It seems clear to us that appellant's conduct was a "direct and substantial factor in causing the death of the victim." *Commonwealth v. Stafford*, 451 Pa. 95, 97, 301 A.2d 600, 602 (1973). This is not a case where the prosecution established only that appellant's conduct "probably" caused the death, or only proved causation "with a reasonable degree of medical certainty." *See Commonwealth v. Embry*, 441 Pa. 183, 272 A.2d 178 (1971); *Commonwealth v. Radford*, 428 Pa. 279, 236 A.2d 302 (1968); *Commonwealth v. Williams*, 476 Pa. 344, 382 A.2d 1202 (1978).

■ Appellant argues that it is "not only possible but probable that some act of gross negligence on the part of a doctor or a nurse was the act most directly causative of Ben White's death." We agree with appellant that intervening acts are always "possible." The prosecution, however, is not required to prove that a "hypothetical supervening event" did not take place. *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976). As to appellant's argument that it was "probable" that the gross negligence of a doctor or nurse intervened, there was absolutely no evidence of any negligence on the part of any doctor or nurse.

■ Where, as here, a victim is shot at close range necessitating the removal of a vital organ, where "post-operative complications" ultimately result in death, and where there is medical testimony opining unequivocally that the gunshot wound started in motion a chain of events which culminated in death, we are satisfied that a jury could conclude beyond a reasonable doubt that the gunshot wound inflicted by appellant was the legal cause of death. *Compare Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976); *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976).

■ Appellant next argues that it was reversible error to allow the detective who recorded appellant's written confession to testify that appellant also read the confession into a tape recorder shortly before he was arraigned. Appellant contends that the prosecution should have been required to establish a foundation as to the recording's authenticity, and since the voluntariness of appellant's confession was crucial, permitting this testimony was highly prejudicial and requires the grant of a new trial.

■ The prosecution was not required to establish a foundation as to the recording's authenticity. The authenticity of a tape recording must only be established if the tape recording is introduced into evidence. *See Commonwealth v. Smalls*, 460 Pa. 436, 333 A.2d 853 (1975); *United States v. Starks*, 515 F.2d 112 (3d Cir. 1975).

■ Appellant contended at trial that his confession was involuntary. Evidence that appellant read the confession into a tape recorder was relevant evidence on the issue of voluntariness and, as the trial judge observed, relevant on the issue of whether appellant understood the content of the written confession which he earlier signed.

■ Appellant is correct in pointing out that evidence that the confession was read into a tape recording prejudiced his defense. That alone is not reason to exclude the evidence. All of the prosecution's evidence is intended to prejudice the defense. Simply because it is damaging to the defense is no reason to exclude the evidence. *Commonwealth v. Smalls, supra.*

■ Prejudicial evidence is inadmissible only if it violates rules concerning the admission of evidence. The only claim made here is that no reference can be made to a tape recording, even if not introduced into evidence, unless the recording is authenticated. There is no such rule, and no valid reason has been presented why such a rule should be established.

Appellant's next assignment of error involves the impeachment of appellant's credibility by the use of two prior convictions. Appellant was nineteen years old at the time of his trial. The two convictions were both within two years of the time of trial. Appellant relies on this Court's decision in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), and claims that the trial court did not exercise the discretion which *Bighum* requires a trial court to exercise before allowing the use of prior convictions to impeach a defendant's credibility.

The nature of a trial court's discretionary responsibility, and the thrust of our decision in *Bighum*, was recently capsulized by the Superior Court in *Commonwealth v. Flores*, 247 Pa.Super. 140, 371 A.2d 1366, 1369–70 (1977):

"In *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) our Supreme Court adopted the approach of *Luck v. United States*, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965)

and established that a balancing test is to be used in determining when prior convictions could be used to impeach a defendant's credibility and that this test was within the exercise of judicial discretion. The *Luck* court stressed this proposition when it stated, '[t]he matter is, we reiterate, one for the exercise of discretion; and, as is generally in accord with sound judicial administration, that discretion is to be accorded a respect appropriately reflective of the inescapable remoteness of appellate review.' 348 F.2d at 769. However, neither *Luck* nor *Bighum* grant the trial court absolute discretion in determining when prior convictions can be used to impeach a defendant's credibility, but rather the trial court's exercise of discretion is reviewable by an appellate court within certain considerations."

In *Bighum*, we identified those considerations as:

"[T]he age and nature of the prior crimes; the length of the criminal record; the age and circumstances of the defendant; [and] the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction. 348 F.2d at 769. This last factor is of critical importance. Where the defendant has no other means by which to defend himself, it would be particularly unjust to subject him to the introduction of prior convictions. Or, where the prior conviction is not critically important to the Commonwealth's case—e. g., where other adequate means of attacking the defendant's credibility are available—exclusion of prior convictions is strongly indicated." 452 Pa. at 567, 307 A.2d at 263.

*See also Commonwealth v. Miller*, 465 Pa. 458, 461–62, 350 A.2d 855, 857 (1976); *Commonwealth v. Moore*, 246 Pa.Super. 163, 369 A.2d 862 (1977).

To support his argument that the trial court's failure to engage in the *Bighum* balancing test requires the grant of a new trial, appellant emphasizes certain language used by the trial court in ruling in favor of admitting the convictions, specifically, the court's statement that it was "obliged" to

overrule defense counsel's objection to their admissibility, and the court's subsequent statement that it "had no choice but to utilize the use of those prior convictions." The prosecution argues that the trial court was aware of the discretionary nature of its ruling and that it did, in fact, exercise that discretion.

Our examination of the trial record supports appellant's position that during the trial the trial judge, although aware of our decision in *Commonwealth v. Bighum*, did not fully comprehend its import and did not base his ruling on the individualized considerations set forth in *Bighum*. When defense counsel first objected to the prosecution's proposed introduction of appellant's two prior convictions, the trial court stated:

"First of all, the Court is of the understanding that the propriety of utilizing records of prior convictions of either felony or misdemeanor or criminality is still the law of Pennsylvania, with certain restrictions, to witness [sic] the propinquity of time. 1973 upon its face does not strike the Court as being inside that prohibition. So if the law is still extant, as I believe it to be, that such convictions are admissible to attack the credibility, which is what they are being used for, of the witness, the Court will be obliged to overrule your objection."

When defense counsel cited *Bighum* and replied that admitting the convictions would unduly influence the jury and prejudice appellant, the trial court continued:

"*As I said, if the law is still extant the Court has no choice but to utilize the use of those prior convictions.* I invite your further scrutiny in the time permitted of the *Bingham* [sic] case but it seems to the Court that the purpose of use of prior convictions is for the purpose of attacking the credibility of one. *And notwithstanding that a person is a defendant in a murder case their prior convictions upon the question of credibility has always been the rule unless it's been changed.* . . . [The Supreme Court] may take different views afterwards but the present law is what I'm bound by." (Emphasis added.)

Although the trial court did refer to the remoteness of the convictions—one of five factors articulated in *Bighum* to guide trial judges in the exercise of their discretion—read as a whole, we think the trial judge's statements evidence a misapprehension of his role in this regard. Although he mentioned "the propinquity of time," the basic tenor of the trial judge's statements is that he felt obligated to allow the convictions to be admitted into evidence. Of course, *Bighum* removed any such obligation; whereas former decisional law gave the prosecution the absolute right to introduce such evidence, our holding in *Bighum* requires the trial court to deny the admission of prior convictions in a particular case if a careful weighing of the *Bighum* factors militate against admission. Our decision in *Bighum* has endowed trial judges with a useful source of flexibility in conducting their search for truth. The *Bighum* balancing test must be administered by reference to that objective, and that can only be accomplished by a careful consideration of all the factors we have said should guide a trial judge in deciding whether to admit or exclude evidence of prior convictions. We have long recognized the prejudicial effect of the introduction of other offenses and have limited their use to those situations where the probative value far exceeded the prejudice to a defendant. *See, e. g., Commonwealth v. Bobko*, 453 Pa. 475, 309 A.2d 576 (1973). Only through a solicitous application of the *Bighum* criteria can courts ensure that the probative value of the prior convictions is indeed far weightier than such prejudice.

Even though the trial court did not exercise this discretion as required by *Bighum*, appellant is nonetheless not entitled to relief. At trial, appellant objected to the use of the prior convictions for various reasons, only one of which is pursued on this appeal. Appellant argues that the convictions were too remote in time. The convictions were less than two years old, and we note that this criterion of *Bighum* was considered by the trial court. We find no abuse of discretion in permitting the introduction of convictions less than two years old.

■ The appellant also argues in this appeal that the convictions should not have been admitted because the prosecution had other adequate means of attacking defendant's credibility. The prosecution argues that this issue has been waived because not raised during trial. We agree. Although the issue now raised is important under *Bighum*, since the issue was not presented at the time of trial, it has been waived.

■ Appellant also contends the trial court failed to adequately instruct the jury in deciding whether the gunshot wound was the legal cause of death. Appellant made no objection at trial to that portion of the court's charge, hence the issue has been waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Judgments of sentence affirmed.

JONES, former C. J., and ROBERTS, J., took no part in the consideration or decision of this case.