448 A.2d 1090

COMMONWEALTH of Pennsylvania

v.

**Walter HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed July 30, 1982.

Richard J. Hodgson, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH, and WATKINS, JJ.

PRICE, Judge.

Appellant, Walter Hill, was convicted of burglary,[1] robbery,[2] aggravated assault and battery,[3] and conspiracy[4] on May 16, 1973. The conviction was appealed to this court and affirmed on December 1, 1975, except for a modification from a twenty-three and one half to forty-seven year sentence to a twenty-two and one half to forty-five year sentence. *Commonwealth v. Hill*, 237 Pa. Superior Ct. 543, 353 A.2d 870 (1975). On December 4, 1978, appellant filed a petition seeking relief under the Post Conviction Hearing Act.[5] The trial court dismissed appellant's petition without a hearing on the merits, finding that appellant's claims were "patently frivolous." Slip op. at 2. Appellant contends that it was error to dismiss his petition without first granting him a hearing on the merits of his claim of ineffectiveness of trial counsel. We agree and thus remand for a hearing limited, however, to the issue whether counsel was derelict in failing to seek a determination by the court regarding the admissibility of appellant's prior convictions.

At approximately 6:00 p. m. on December 11, 1972, two men robbed Molettiere's Market in Lansdale, Montgomery County. During the robbery the men beat the proprietor and a sixty-six year old patron. Two men matching the description of the robbers, appellant and Walter Burgess, were apprehended approximately one hour later in the vicinity of the market.[6] At the time of his arrest appellant was carrying the same amount of money as had been stolen from the market.

1. 18 Pa.C.S.A. § 3502.

2. 18 Pa.C.S.A. § 3701.

3. 18 Pa.C.S.A. § 2702.

4. 18 Pa.C.S.A. § 903.

5. 19 P.S. § 1180–1 *et seq.*

6. Appellant and Walter Burgess were codefendants at trial.

■ Appellant was represented both at trial and on appeal by counsel from the Montgomery County Public Defender's Office. The question of ineffectiveness of trial counsel was first raised in appellant's petition for relief under the Post Conviction Hearing Act [hereinafter PCHA]. "Because of the inherent conflict of loyalties to one's client on the one hand and to one's associates on the other," an attorney from the same office may be reluctant to raise the issue of ineffectiveness of trial counsel. *Commonwealth v. Prowell*, 249 Pa.Superior Ct. 435, 439, 378 A.2d 374, 376 (1977). Ineffective assistance of counsel, therefore, must be asserted at the first stage at which the party is represented by counsel not associated with the same public defender's office. *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979); *Commonwealth v. Beasley*, 249 Pa. Superior Ct. 162, 375 A.2d 809 (1977). Since appellant was first represented by different counsel in the post conviction proceedings, and because the issue was first raised in his petition for PCHA relief, his claim is properly before us.

■ "It is by now axiomatic that the test for evaluating a claim of ineffective assistance of counsel is whether the record supports a conclusion that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth v. Musi*, 486 Pa. 102, 107, 404 A.2d 378, 380 (1979), *citing Commonwealth v. Hosack*, 485 Pa. 128, 401 A.2d 327 (1979); *Commonwealth v. Yocham*, 483 Pa. 478, 397 A.2d 766 (1979). In reviewing the facts we are "always mindful of the presumption that counsel is competent." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 603, 235 A.2d 349, 352 (1967). "[Appellant] has the burden to show prejudice. That determination depends on whether adequate representation was actually provided." *Commonwealth v. Garcia*, 478 Pa. 406, 416–17, 387 A.2d 46, 51 (1978).

We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable*

*basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Commonwealth v. Sherard*, 483 Pa. 183, 190–91, 394 A.2d 971, 975 (1978), *quoting Maroney*, 427 Pa. at 604, 235 A.2d at 352 (emphasis in original). *Commonwealth v. Bartlett*, 486 Pa. 396, 406 A.2d 340 (1979); *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236.

■ Appellant first claims that he was entitled to a hearing on the merits of his contention that counsel failed to challenge the introduction of illegally obtained evidence. Soon after their arrest, appellant and Burgess contacted the detective investigating the case and informed him that the proprietor of Molettiere's Market was their accomplice in a counterfeiting operation. The two men were removed from jail without notifying their counsel, and instructed to phone the proprietor in an attempt to implicate him in the alleged counterfeiting scheme. The telephone call, which was monitored by the police, produced no evidence to corroborate their assertions. Indeed, the only related evidence admitted at trial was the proprietor's comment that he received a telephone call from Burgess when he was out of jail.[7] Since the prosecution did not use any evidence from this incident against appellant, his claim that counsel was ineffective is clearly without merit. The PCHA provides that "the Court may deny a hearing if the Petitioner's claim is patently frivolous and is without a trace of support either on the record or from the evidence submitted by the Petitioner." 19 P.S. § 1180–9. We thus concur in the determination of

7. This testimony was elicited in response to a question asked by defense counsel. A motion for mistrial was made and denied and the court gave curative instructions. On appeal, we held that the testimony did not require a mistrial. *Commonwealth v. Hill*, 237 Pa.Superior Ct. 543, 353 A.2d 870 (1975).

the court below that a hearing on the merits of this claim was not required.

 Appellant also contends that he should have been granted a hearing to determine whether trial counsel exercised due diligence in seeking to assure that evidence of appellant's prior convictions could not be introduced at trial. The determination of admissibility of prior convictions is a matter of judicial discretion. *Commonwealth v. Green*, 477 Pa. 170, 383 A.2d 877 (1978); *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973); *Commonwealth v. Flores*, 247 Pa.Superior Ct. 140, 371 A.2d 1366 (1977). When the admissibility of prior convictions is an issue, the court must conduct an *in camera Bighum* hearing prior to the commencement of trial. Once the court has determined the admissibility of prior convictions before trial,[8] a defendant can more intelligently weigh his or her decision to testify at trial. Instantly, without the benefit of a hearing on the merits, we are unable to determine whether counsel's failure to settle this issue prior to trial constituted a reasonable course of conduct. We thus are constrained to remand for the limited purpose of deciding if counsel was ineffective in failing to seek a determination regarding the admissibility of appellant's prior convictions.

Accordingly, we remand for a hearing on the merits only on the latter part of appellant's claim. Jurisdiction is not retained.

8. Our supreme court has promulgated the following considerations for the judiciary to utilize in making such determinations:
 (1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; (2) the likelihood in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; (3) the age and circumstances of the defendant; (4) the strength of the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and (5) the existence of alternative means of attacking the defendant's credibility.
 *Commonwealth v. Roots*, 482 Pa. 33, 39–40, 393 A.2d 364, 367 (1978).