484 A.2d 409

**COMMONWEALTH of Pennsylvania**

v.

**Thomas JENNINGS, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 1, 1984.

Filed Nov. 9, 1984.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

James E. Blackwood, Assistant District Attorney, Erie, for Com., appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

Appellant, in separate jury trials, was twice found guilty of theft by unlawful taking. Post-trial motions were filed and denied. He consolidates issues for this appeal, raising three questions:

1. Did the trial court abuse its discretion in allowing the introduction of prior crimes evidence to impeach the Appellant's credibility?

2. Was counsel ineffective in not requesting curative instructions when the prosecutor stated in summation that Appellant had lied?

3. Was trial counsel ineffective where he failed to request a poll of the jury prior to the recording of the verdict?

The factual background is that on September 2, 1982, Officer Hale of the Millcreek Police Department was approached by the Appellant. After being told his *Miranda* rights, Appellant revealed to the officer that he knew about a theft of two homemade speakers, showing where and from what type of vehicle the theft had occurred. The owner later identified the speakers. Appellant testified that he told the officer that a former roommate had committed the crime.

Officer Figaski, also of the Millcreek Police Department, testified that he conversed with Appellant on July 27, 1982, and Appellant led him to a creekbed and recovered a plastic bag containing, among other things, a CB radio. Police discovered that the radio belonged to the same individual who had had the speakers stolen. The radio, however, was found missing sometime after the speakers were taken. Appellant testified that he told the officer that his ex-roommate was also responsible for this crime. Both officers

testified that Appellant took credit for the commission of the crimes.

In both trials, the Commonwealth introduced, over objection, evidence of Appellant's four burglary convictions of the previous year. Appellant argues that because his own testimony was his entire defense, such evidence should not have been permitted. We agree, and accordingly grant new trials.

Although the Commonwealth is permitted to introduce prior crimes evidence at trial to attack defendant's credibility, *Commonwealth v. Butler*, 405 Pa. 36, 173 A.2d 468 (1961), such evidence is not per se admissible and "[w]here the defendant has no other means by which to defend himself, it would be particularly unjust to subject him to the introduction of prior convictions. Or, where the prior conviction is not critically important to the Commonwealth's case—e.g. where other adequate means of attacking the defendant's credibility are available—exclusion of prior convictions is strongly indicated." *Commonwealth v. Bighum*, 452 Pa. 554, 567, 307 A.2d 255 (1973). Under *Bighum*, only crimes involving false statements or dishonesty may be used to impeach the defendant's credibility. *Commonwealth v. Bighum*, 252 Pa. at 566, 307 A.2d at 262.

In *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978), the Pennsylvania Supreme Court developed a balancing approach to determine the admissibility of prior crimes evidence.

> The trial court should consider: (1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant witness; (2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than to provide a legitimate reason for discrediting him as an untruthful person; (3) the age and circumstances of the defendant; (4) the strength of the prosecution's case and the prosecutions' need to resort to this evidence as compared with the availability to the defense of other witnesses through

which its version of the events surrounding the incident can be presented; and (5) the existence of alternative means of attacking the defendant's credibility. *Commonwealth v. Roots*, 482 Pa. at 39–40, 393 A.2d at 367.

The trial court in this case, after considering the above factors, determined that the evidence was admissible. However, the decision was made subsequent to the Appellant's testifying on his own behalf. In *Commonwealth v. Hill*, 302 Pa.Super. 377, 448 A.2d 1090 (1982), this Court said:

> When the admissibility of prior convictions is an issue, the court must conduct an *in camera Bighum* hearing prior to the commencement of trial. Once the court has determined the admissibility of prior convictions before trial, a defendant can more intelligently weigh his or her decision to testify at trial. *Commonwealth v. Hill*, 302 Pa.Super. at 382, 448 A.2d at 1093.

■ In this case, there was a determination of admissibility made while the jury was at recess, but the decision was not made prior to trial. It is unclear from the record whether Appellant's counsel was aware that the Commonwealth had intended to introduce the evidence. When the Commonwealth made the effort to introduce the evidence before closing its case, defense counsel objected and stated that the evidence should be left out based on the fact that no pretrial *Bighum* hearing was held and that the *Roots* decision, at any rate, would preclude its admission. Appellant argues that his counsel was ineffective in not filing a motion prohibiting the introduction of evidence. His counsel, however, objected to the admission at both trials. Because it is not clear from the record whether the Commonwealth had intended to introduce this evidence at the commencement of trial or whether it was not anticipated by the defense, therefore, we cannot say that counsel's representation was ineffective for objecting at the time of introduction of the evidence.

■ Although four burglary convictions are highly probative of Appellant's veracity as a witness, *Commonwealth v.*

*Kahley,* 467 Pa. 272, 356 A.2d 745 (1976), and those convictions were recent and highly relevant, *Commonwealth v. Green,* 477 Pa. 170, 383 A.2d 877 (1978), the crimes of burglary and theft by unlawful taking involve similar basic elements. We are convinced, therefore, that a jury would take the evidence to mean that because Appellant was convicted of the prior crimes it is likely that he committed the present one. In *Commonwealth v. Williams,* 273 Pa. Super. 389, 417 A.2d 704 (1980), the court remanded for a new trial where evidence was admitted in a trial for robbery of ten-year-old convictions for the same offense. The defendant in that case offered only his own testimony to clear himself. Similarly, the Appellant had no other witnesses to speak on his behalf.

This is not the case where defendant presented a defense through other alibi witnesses' testimony as well as his own, such as in *Commonwealth v. Hutchinson,* 290 Pa.Super. 254, 434 A.2d 740 (1981). We have a situation basically similar to that in *Commonwealth v. Sampson,* 250 Pa.Super. 157, 378 A.2d 874 (1977), where the defendant's only possible defense was to take the stand and offer his own account. This court ruled that the admission of the evidence sufficiently prejudiced the defendant and was an abuse of discretion.

In another case, no error was found in introducing the crimes evidence because the convictions were recent, defendant was convicted as an adult and at the present trial had two other alibi witnesses to discredit one Commonwealth witness. The court took special note that the record did not reveal any other alternative in impeaching the defendant's credibility, *Commonwealth v. Herman,* 271 Pa.Super. 145, 412 A.2d 617 (1979). After a thorough reading of the record here, however, it is evident that the Commonwealth made use of another method of impeachment—inconsistencies in statements made at trial by the Appellant.

█ It is the cumulative effect of several factors in this case which leads to the conclusion that the trial court abused its discretion in allowing the evidence into trial.

First, there was no *in camera Bighum* hearing prior to trial to determine admissibility. Defendant's meaningful choice as to whether or not to testify for himself was effectively denied. Second, the past and present crimes involve certain similar elements so that it would be unfair to hold that this evidence would tend to illustrate that the Appellant was untruthful rather than demonstrating his propensity to commit this type of crime. Third, Appellant was the sole witness for the defense, while the Commonwealth in both cases presented both the victim's and a police officer's testimony. Fourth, the Commonwealth made effective use of another means of impeaching the Appellant's credibility.

Because we remand on this issue, we find it unnecessary to deal with the other issues Appellant raises.

The Judgment of Sentence is vacated and the cases are remanded for retrial.

Jurisdiction is relinquished.