486 A.2d 467

**COMMONWEALTH of Pennsylvania**

v.

**Edward Charles RANDALL, Sr., a/k/a Charles Randall, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1984.

Filed Dec. 28, 1984.

Scott D. Keller, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before McEWEN, DEL SOLE and POPOVICH, JJ.

DEL SOLE, Judge:

Appellant was convicted of third degree murder and possessing instruments of crime. Following the denial of post-verdict motions, Appellant was sentenced to eight to eighteen years imprisonment and a consecutive term of five years probation. Appellant raises several issues of ineffective assistance of counsel in the instant appeal. Appellant also contends that the trial court erred in allowing the Commonwealth, on rebuttal, to impeach him through use of a prior burglary conviction. After a thorough review of the record, we find that we need not consider the ineffective assistance of counsel issues since we find that the trial court erred in admitting Appellant's prior conviction for purposes of impeachment. Accordingly, the judgment of sentence is reversed and the case is remanded for a new trial.

At trial, the Commonwealth's case in chief primarily consisted of the testimony of two eyewitnesses who stated that Appellant and the victim had an argument at a social club. The witnesses testified that Appellant left the club's premises after the argument but later returned at which time the Appellant and victim again argued resulting in the shooting of the victim by Appellant. The remainder of the Commonwealth's case in chief was comprised of the testi-

mony of police officers, doctors and other persons involved in the investigation of the shooting.

The sole evidence offered by Appellant was his own testimony. Appellant testified that the shooting was justified because the victim was armed at the time and because the victim had threatened Appellant with a gun during their first argument at the social club. Also, Appellant testified that the butt of a gun was sticking out of the victim's jacket pocket immediately prior to the shooting. The Commonwealth presented the testimony of a witness on rebuttal who was present at the social club at the time of the shooting but was not an eyewitness. That witness stated that he had seen no guns at the social club prior to the shooting. The Commonwealth also introduced Appellant's prior burglary conviction which was admitted for impeachment purposes, over objection, by the trial court.

In *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973), the Supreme Court ruled that a defendant's prior conviction could only be used by the Commonwealth on rebuttal solely to attack the credibility of a defendant who has elected to testify in his own behalf. The court found that only crimes involving dishonesty and false statements could be used for impeachment. In addition, the *Bighum* Court noted that there are certain considerations a trial court must apply in determining the admissibility of a prior conviction. Specifically, the trial court must consider the age and nature of prior crimes, the length of the criminal record, the age and circumstances of the defendant and the extent to which it is more important to search for the truth in a particular case for the jury to hear the defendant's testimony than to know of prior convictions. As to the latter consideration, the *Bighum* Court stated:

This last factor is of critical importance. Where the defendant has no other means by which to defend himself, it would be particularly unjust to subject him to prior convictions. Or, where the prior conviction is not so critically important to the Commonwealth's case e.g., where other adequate means of attacking the defendant's

credibility are available-exclusion of prior convictions is strongly indicated.

452 Pa. at 567, 307 A.2d at 263.

The holding in *Bighum* was later reiterated and refined by the Supreme Court in *Commonwealth v. Roots,* 482 Pa. 33, 393 A.2d 364 (1978). In *Roots,* the Court more clearly set forth the criteria for admission of a prior conviction for impeachment purposes, but remained firm in the belief that the factor cited above was still the most critical factor in the determination of admissibility.

Appellant's main argument against admissibility of his prior conviction is that the only means for presenting his defense of justification was his own testimony and the Commonwealth had presented enough testimony exclusive of the prior conviction to cast doubt on his credibility. The trial court found that the relevance of the prior conviction outweighed its prejudicial effect since credibility was the key issue in the case and because the Commonwealth was able to present only one rebuttal witness. However, the trial court did not apparently consider crucial to this credibility determination the testimony of the two Commonwealth eyewitnesses. A review of the record as a whole reveals that the Commonwealth had three witnesses who were present at or near the scene of the crime and who offered testimony in contradiction to Appellant's version of the events. This is exactly the situation in which the *Bighum* and *Roots* Courts found that a defendant's prior conviction should not be admitted for impeachment purposes. In the instant case, it was more important to the search for truth that the jury have heard the Appellant's testimony without knowledge of prior convictions so that the credibility determination could have been made solely on the facts. The Appellant's testimony was entitled to be judged solely on its truth as contrasted to the testimony of the Commonwealth witnesses unencumbered by the shadow of his prior conviction.

We hold that since the appellant had no means other than his testimony to defend himself and the Commonwealth had

other adequate means to attack the Appellant's credibility the trial court erred in allowing defendant to be impeached through use of his prior burglary conviction. Accordingly, the judgment of sentence must be reversed and the case remanded for a new trial.

Judgment of Sentence reversed. Case remanded for a new trial. Jurisdiction is relinquished.